**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| S.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 1:25-cv-03203-JPB |
| v. | ) | |
| | ) | |
| JANKI MOTEL, INC. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |

---

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

---

Defendant, Janki Motel, Inc. ("Defendant"), by and through undersigned counsel, hereby respond to Plaintiff's Complaint, showing as follows:

1. Defendant denies that sex trafficking occurred at its hotel. Defendant is without information or knowledge sufficient to admit or deny the remaining allegations contained in paragraph 1.
2. Admitted.
3. Admitted.
4. Admitted.
5. Admitted.

6. Defendant denies the allegations in paragraph 6, including subparts (a) through (f).

7. Paragraph 7 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 7.

8. Defendant denies the allegations in paragraph 8, including subparagraphs (a) through (c).

9. Paragraph 9 is a statement to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 9.

**I. Response to "S.D.'s trafficking at the ABVI"**

10. Defendant denies the allegations contained in paragraph 10.

11. Defendant denies the allegations contained in paragraph 11.

12. Defendant denies the allegations contained in paragraph 12.

13. Defendant denies the allegations contained in paragraph 13.

14. Defendant denies the allegations contained in paragraph 14.

15. Defendant denies the allegations contained in paragraph 15.

16. Defendant denies the allegations contained in paragraph 16.

17. Defendant denies the allegations contained in paragraph 17.

18. Defendant denies the allegations contained in paragraph 18.

19. Defendant denies the allegations contained in paragraph 19.

20. Defendant denies the allegations contained in paragraph 20.

21. Defendant denies the allegations contained in paragraph 21.

22. Defendant denies the allegations contained in paragraph 22.

23. Defendant denies the allegations contained in paragraph 23.

## II. Response to "Defendant's Involvement with Other Trafficking Victims at the ABVI"

24. Defendant denies the allegations contained in paragraph 24.

25. Defendant denies the allegations contained in paragraph 25.

26. Defendant denies the allegations contained in paragraph 26.

27. Defendant denies the allegations contained in paragraph 27.

28. Defendant denies the allegations contained in paragraph 28.

29. Defendant denies the allegations contained in paragraph 29.

30. Defendant denies the allegations contained in paragraph 30.

31. Defendant denies the allegations contained in paragraph 31.

32. Defendant denies the allegations contained in paragraph 32.

33. Defendant denies the allegations contained in paragraph 33.

34. Defendant denies the allegations contained in paragraph 34.

35. Defendant denies the allegations contained in paragraph 35.

36. Defendant denies the allegations contained in paragraph 36.

37. Defendant denies the allegations contained in paragraph 37.

## III. Response to "Defendant's Knowledge of Prior Crime at the ABVI"

38. Defendant denies the allegations contained in paragraph 38.

39. Defendant denies the allegations contained in paragraph 39.

40. Defendant denies the allegations contained in paragraph 40.

41. Defendant denies the allegations contained in paragraph 41.

42. Defendant denies the allegations contained in paragraph 42.

43. Defendant denies the allegations contained in paragraph 43.

44. Defendant denies the allegations contained in paragraph 44, including subparagraphs (1) through (11).

45. Defendant denies the allegations contained in paragraph 45, including subparagraphs (1) through (7).

## IV. Response to "Defendant's Knowledge of Sex Trafficking Generally"

46. Defendant denies the allegations contained in paragraph 46.

47. Defendant denies the allegations contained in paragraph 47.

48. Defendant denies the allegations contained in paragraph 48.

49. Defendant denies the allegations contained in paragraph 49.

50. Defendant denies the allegations contained in paragraph 50.

51. Defendant denies the allegations contained in paragraph 51.

52. Defendant denies the allegations contained in paragraph 52.

53. Defendant denies the allegations contained in paragraph 53, including subparagraphs (a) through (f).

54. Defendant denies the allegations contained in paragraph 54.

55. Defendant denies the allegations contained in paragraph 55, including (g) through (s) Defendant denies the allegations contained in paragraph 10.

**Response to "Count I**
**Statutory Liability: Sex Trafficking**
**18 U.S.C. § 1595**

56. Defendants incorporates the foregoing paragraphs as if fully restated herein.

57. Defendant denies the allegations contained in paragraph 57.

58. Defendant denies the allegations contained in paragraph 58.

59. Defendant denies the allegations contained in paragraph 59.

60. Defendant denies the allegations contained in paragraph 60.

61. Defendant denies the allegations contained in paragraph 61.

62. Defendant denies the allegations contained in paragraph 62.

63. Defendant denies the allegations contained in paragraph 63.

64. Defendant denies the allegations contained in paragraph 64.

65. Defendant denies the allegations contained in paragraph 65.

66. Defendant denies the allegations contained in paragraph 66.

**RESPONSE TO "COUNT II – NUISANCE"**

67. Defendants incorporates the foregoing paragraphs as if fully restated herein.

68. Paragraph 68 contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 68.

69. Paragraph 69 contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 69.

70. Paragraph 70 contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 70.

71. Paragraph 71 contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 71.

**Response to "Public Nuisance"**

72. Defendant denies the allegations contained in paragraph 72.

73. Defendant denies the allegations contained in paragraph 73.

74. Defendant denies the allegations contained in paragraph 74.

75. Defendant denies the allegations contained in paragraph 75.

76. Defendant denies the allegations contained in paragraph 76.

77. Defendant denies the allegations contained in paragraph 77.

78. Defendant denies the allegations contained in paragraph 78.

79. Defendant denies the allegations contained in paragraph 79.

80. Defendant denies the allegations contained in paragraph 80.

**Response to “Count III**
**Statutory Liability: Masha’s Law 18 U.S.C. § 2255”**

81. Defendant incorporates the foregoing paragraphs as if fully restated herein.

82. Defendant denies the allegations contained in paragraph 82.

83. Defendant denies the allegations contained in paragraph 83.

84. Defendant denies the allegations contained in paragraph 84.

85. Defendant denies the allegations contained in paragraph 85.

86. Defendant denies the allegations contained in paragraph 86.

87. Defendant denies the allegations contained in paragraph 87.

88. Defendant denies the allegations contained in paragraph 88.

89. Defendant denies the allegations contained in paragraph 89.

**Response to “Damages”**

90. Defendants incorporates the foregoing paragraphs as if fully restated herein.

91. Defendant denies the allegations contained in paragraph 91, including subparagraphs (a) through (g).

92. Defendant denies the allegations contained in paragraph 92.

93. Defendant denies the allegations contained in paragraph 93.

Defendants further deny the allegations contained in the unnumbered WHEREFORE paragraph following paragraph 93, including subparagraphs (a) through (e).

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

Defendant denies all allegations not specifically admitted.

### SECOND DEFENSE

Plaintiff's Complaint fails to allege facts sufficient to state a claim against Defendant upon which relief can be granted.

### THIRD DEFENSE

No act or omission of Defendant proximately caused or contributed to any injuries or damages allegedly incurred by Plaintiff; therefore, Plaintiff has no right of recovery against Defendant.

### FOURTH DEFENSE

The injuries complained of by Plaintiff, if any, were caused solely and proximately by the acts or omissions of third persons. Such acts and omissions themselves constitute the sole proximate cause of Plaintiff's injuries and further served to break the chain of causation between Plaintiff's injuries and any negligence of which Defendant may have been guilty. Defendant specifically denies that it has been guilty of any negligence whatsoever with respect to the Plaintiff.

**FIFTH DEFENSE**

To the extent the evidence shows, Defendant reserves the right to assert any defenses relating to the duty to mitigate damages.

**SIXTH DEFENSE**

To the extent the evidence shows, Defendant reserves the right to assert any defenses relating to the doctrine of estoppel, waiver, release, fraud, and/or laches.

**SEVENTH DEFENSE**

The damage, if any, sustained by the Plaintiff was the result of the conduct of persons or entities over whom Defendant has no control or responsibility, and for whose conduct Defendant is thus not liable.

**EIGHTH DEFENSE**

Plaintiff's claims against Defendant are barred because there is no causal connection between any alleged act, error, or omission by Defendant and the Plaintiff's alleged damages.

**NINTH DEFENSE**

Plaintiff has failed to join all necessary parties for just adjudication.

**TENTH DEFENSE**

To the extent Plaintiff alleges that they were assaulted or victimized by a third-party, the actions of the third-party were intentionally and specifically directed to

Plaintiff. As such, no action by the Defendant could have precluded or prevented the actions of these third parties.

**ELEVENTH DEFENSE**

Plaintiff's alleged damages were caused by a superseding, intervening act, which was beyond the knowledge or control of Defendant.

**TWELFTH DEFENSE**

Defendant is entitled to apportionment of liability to other parties and non-parties to this action. Without limiting the foregoing, the injuries alleged by Plaintiff were caused in whole or in part by other persons or entities, including without limitation: Plaintiff's traffickers; any associate of Plaintiff's traffickers; any other persons who trafficked Plaintiff; and any persons or entities with liability under the TVPRA. The addresses of those persons and entities are not currently known to Defendant. These persons or entities are at fault for the injuries alleged by Plaintiff because they trafficked her. Defendant is entitled to and hereby gives its notice of its intent to seek apportionment under O.C.G.A. § 51-12-33.

**THIRTEENTH DEFENSE**

Defendant is entitled to a set-off for any settlement paid by any party or non-party, in satisfaction of the same damages for which the Plaintiff is suing.

**FOURTEENTH DEFENSE**

In the event the evidence shows, Defendant reserves the right to assert that Plaintiff's claims are barred in whole or in part because of her own comparative negligence and/or assumption of risk and/or that Plaintiff, by the exercise of ordinary care, could have avoided any injury allegedly sustained.

**FIFTEENTH DEFENSE**

Plaintiff's allegations are expressly or impliedly preempted by federal law.

**SIXTEENTH DEFENSE**

Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

**SEVENTEENTH DEFENSE**

The intentional acts, criminal acts, and/or negligence of Plaintiff's alleged pimps/traffickers were not reasonably foreseeable to Defendant.

**EIGHTEENTH DEFENSE**

Defendant hereby designates Plaintiff's pimps/traffickers and johns/assailants, whose identities and locations are currently unknown to Defendants, as persons to whom fault should be apportioned under OCGA 51-12-33, based on the facts alleged in Plaintiff's Complaint.

**NINETEENTH DEFENSE**

Defendant respectfully reserves the right to amend its Answer to assert other affirmative defenses, claims, and defense as may become available or apparent during discovery.

**TWENTIENTH DEFENSE**

With respect to Plaintiff's demand for punitive damages, Defendant specifically incorporates by reference all standards of limitations regarding the determination and enforceability of punitive damage awards, including but not limited to, those standards of limitation which arose in *BMW of North America v. Core*, 517 U.S. 559 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), and *State Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

**TWENTY-FIRST DEFENSE**

Plaintiff's Complaint, to the extent that it seeks punitive damages, violates Defendant's rights to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution, and Article I, Section 1 of the Constitution of the State of Georgia and violates the Defendant's rights to substantive due process provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of Georgia.

**TWENTY-SECOND DEFENSE**

Defendant denies that punitive damages are warranted. Without limiting the foregoing, Defendant shows that punitive damages, if any, should be capped at $250,000.

**TWENTY-THIRD DEFENSE**

Defendant breached no duty owed to Plaintiff under the circumstances.

**TWENTY-FOURT DEFENSE**

Plaintiff's claims are or may be barred by the applicable statute of limitations and/or laches.

**TWENTY-FIFTH DEFENSE**

Plaintiff has not properly plead a claim for attorney's fees, and Plaintiff is not otherwise entitled to attorney's fees.

**JURY DEMAND**

Defendant demands a trial by a jury of 12 persons on all issues so triable.

**GENERAL DENIAL**

Responding to each and every claim in Plaintiff's Complaint, Defendant denies that they are liable to Plaintiff in any way, either in law or equity. To the extent any paragraph, sentence, sub-paragraph, statement, or allegation in Plaintiff's Complaint is neither expressly admitted nor denied by the foregoing responsive

answers and defenses, the same is hereby specifically denied. Further, Defendant specifically denies that Plaintiff is entitled to any relief.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant requests that the Court enter judgment in favor of it with all remedies available at law, and grant such other and further relief as may be just and proper.

Respectfully submitted this 24th day of July, 2025.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Jennifer C. Adair*
Jennifer C. Adair
Georgia Bar No. 001901
JAdair@fmglaw.com
Emma J. Fennelly
Georgia Bar No. 610587
Emma.fennelly@fmglaw.com
*Attorneys for Defendant*

100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339
(678) 996-9133

## CERTIFICATE OF COMPLIANCE

This is to certify that the foregoing document has been prepared in accordance with L.R. 5.1 using Times New Roman font, 14-point.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Jennifer C. Adair*
Jennifer C. Adair
Georgia Bar No. 001901
JAdair@fmglaw.com
Emma J. Fennelly
Georgia Bar No. 610587
Emma.fennelly@fmglaw.com
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically served a copy of the foregoing **Defendant's Answer to Plaintiff's Complaint** to all parties by filing a true and correct copy with the Clerk of Court, which will automatically send electronic copies to all counsel of record as follows:

Anderson Tate & Carr
Patrick J. McDonough
pmcdonough@atclawfirm.com
Jonathan S. Tonge
jtonge@atclawfirm.com
Jennifer M. Webster
jwebster@atclawfirm.com
One Sugarloaf Centre
1960 Satellite Blvd., Suite 4000
Duluth, Georgia 30097
(770) 822-0900
*Counsel for Plaintiff*

This 24th day of July, 2025.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Jennifer C. Adair*
Jennifer C. Adair
Georgia Bar No. 001901
JAdair@fmglaw.com
Emma J. Fennelly
Georgia Bar No. 610587
Emma.fennelly@fmglaw.com
*Attorneys for Defendant*

100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339
(678) 996-9133